**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

|  |  |
|---|---|
| ST. PHILIP NERI CATHOLIC CHURCH, INDIANAPOLIS, INC., and ROMAN CATHOLIC ARCHDIOCESE OF INDIANAPOLIS PROPERTIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INDIANAPOLIS HISTORIC PRESERVATION COMMISSION, and THE METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY, <br><br> Defendants. | Case No. 1:25-cv-02616-MPB-TAB |

**CASE MANAGEMENT PLAN**

I.      <u>**Parties and Representatives**</u>

A.      Plaintiffs:  St. Philip Neri Catholic Church, Indianapolis, Inc., Roman Catholic Archdiocese of Indianapolis Properties, Inc.

Defendants: Indianapolis Historic Preservation Commission, The Metropolitan Development Commission of Marion County.

B.      Plaintiffs' Counsel:

Michael A. Swift (17779-49); MAGINOT, MOORE & BECK LLP
150 West Market St., Suite 800, Indianapolis, IN 46204
Tel: (317) 644-8323;
Email: maswift@maginot.com

Roman P. Storzer (admitted *pro hac vic*e); STORZER & ASSOCIATES, P.C.
1025 Connecticut Ave NW, Suite 1000, Washington, D.C. 20036
Tel: (202) 857-9766; Facsimile: (202) 315-3996
Email: storzer@storzerlaw.com

Eric W. Treene (admitted *pro hac vice*); STORZER & ASSOCIATES, P.C.
1025 Connecticut Ave NW, Suite 1000, Washington, D.C. 20036

1

Tel: (202) 857-9766; Facsimile: (202) 315-3996
Email: treene@storzerlaw.com

Defendants' Counsel:

Anthony W. Overholt #16481-49; FBT Gibbons LLP
111 Monument Circle, Suite 4500, P.O. Box 44961, Indianapolis, IN 46244-0961
Telephone: (317) 237-3800; Facsimile: (317) 237-3900
Email: aoverholt@fbtgibbons.com

Amy Stewart Johnson, #16257-49; FBT Gibbons LLP
111 Monument Circle, Suite 4500, P.O. Box 44961, Indianapolis, IN 46244-0961
Telephone: (317) 237-3800; Facsimile: (317) 237-3900
Email: asjohnson@fbtgibbons.com

Thaddeus M. Boggs (admitted pro hac vice); FBT Gibbons LLP
10 West Broad Street, Suite 2300, Columbus, Ohio 43215
Phone: (614) 464-121; Facsimile: (614) 464-1737
Email: tboggs@fbtgibbons.com

Caitlin A. Wilkinson #39067-49; Office of Corporation Counsel
200 E. Washington Street, Suite 1601, Indianapolis, Indiana 46204
Telephone: (317) 327-4055; Facsimile: (317) 327-3968
Email: Caitlin.Wilkinson2@indy.gov

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.    **Jurisdiction and Statement of Claims**

A. This Court has jurisdiction over all federal claims in the First Amended Complaint arising under the United States Constitution pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4), and under 42 U.S.C. §§ 2000cc, *et seq.*. This Court has pendent and supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a). This Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

B. The Plaintiffs bring this action to redress injuries caused by the Defendants' unlawful landmarking of the Plaintiffs' church building and property and refusal to permit it to demolish their structures, which has been relegated (the process by which a church is "desacralized" or turned over to limited secular use by Canonical decree of the competent hierarchical authority), and is no longer used by the Church. In doing so, Defendants intruded on Plaintiffs' religious exercise and violated their religious autonomy. The actions of Defendants require Plaintiffs to either maintain the unused property at great expense and at great harm to their existing religious ministry, or find

2

a buyer for the church building, which would permit the church building to be put to forbidden use in violation of Roman Catholic laws, rules, regulations and doctrine. Both alternatives impose grave and substantial burdens on the Plaintiffs' religious exercise in violation of federal civil rights law and the United States Constitution, as well as state law.

C. Defendants have presented their arguments as to why Plaintiffs' Amended Complaint is subject to dismissal and refer all parties to ECF Nos. 19 and 20 for a full explanation of those issues and the facts supporting Defendants' arguments. In sum, Plaintiffs lack statutory standing, Plaintiffs are not proper parties under RLUIPA, and Plaintiffs cannot and will not be able to establish that their religious freedom is substantially burdened or that their religious exercise has been discriminatorily curtailed by Defendants' decision not to allow demolition of the historic structure at issue in this case.

## III.   **<u>Pretrial Pleadings and Disclosures</u>**

A.   The parties shall serve their Federal Rule of Civil Procedure 26 initial disclosures on or before April 30, 2026.

B.   Plaintiffs shall file preliminary witness and exhibit lists on or before May 7, 2026.

C.   Defendants shall file preliminary witness and exhibit lists on or before May 14, 2026.

D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before May 29, 2026.

E.   Plaintiffs shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before May 29, 2026.  Defendants shall serve on the Plaintiffs (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.   Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiffs shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before September 30, 2026.  Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before October 30, 2026; or if Plaintiffs have disclosed no experts, Defendants shall make its expert disclosure on or before October 30, 2026.

G.      Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before February 1, 2027 [no later than 120 days prior to the proposed trial month].  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before February 26, 2027.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      <u>Discovery of electronically stored information ("ESI")</u>.

The parties do not believe that a substantial amount of ESI will be produced in this case.

If, as the case progresses, the parties come to believe that a substantial volume of ESI is likely to be produced, the parties agree to confer and either enter into a written agreement concerning the production of ESI or move to amend this Case Management Plan as necessary.

1.  The parties will seek discovery on: (1) Plaintiffs' allegations as alleged in the First Amended Complaint; and (2) Defendants' denials and affirmative defenses.

2.  <u>Nature of Production of ESI</u>. Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. If a party requests documents that are stored in an electronic format, the disclosing party shall provide the requesting party copies of the documents in an industry standard load file production consisting of single page Bates stamped TIFF images with .OPT load file, .DAT file containing Bates numbers, and extracted text/OCR at the document level with associated .LST load file on CD or DVD, by e-mail, or by other electronic means with metadata. All documents produced shall by Bates stamped.

4

3. <u>Cost and Burden of Producing Electronic Discovery</u>. Unless the party with the burden of bearing the costs demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (a) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery as set forth above, with the producing party bearing the cost of assembling the responses to the requests; and (b) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the parties shall reach agreement who shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner. The parties agree that the Federal Rules of Civil Procedure shall govern any dispute between the parties regarding compliance with each party's respective discovery obligations.

4. <u>Unintentional Disclosure of Privileged Documents</u>. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter. All other disputes regarding privilege shall be resolved pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

5. <u>Preservation of Data</u>. The parties shall preserve all electronic data relevant to either party's claims or defenses to the extent reasonably possible.

6. The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve.

## IV.    **Discovery[1] and Dispositive Motions**

---

[1]  The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

 Plaintiffs believe that a motion for summary judgment will be appropriate at the conclusion of fact and expert discovery. With respect to Counts I (42 U.S.C. § 1983, Free Exercise of Religion), III (42 U.S.C. § 1983, Equal Protection Clause), IV (42 U.S.C. § 2000cc(a) "Substantial Burden"), VI (Ind. Code § 34-13-9, et seq.), and VII (Indiana Constitution Art. I §§ 2, 3, and 4) of Plaintiffs' Amended Complaint, Plaintiffs can establish that the Defendants' actions in denying the Plaintiffs the ability to relegate the property pursuant to Canon law, have imposed a burden on Plaintiffs' religious exercise without a compelling governmental interest. With respect to Count II (42 U.S.C. § 1983, Establishment Clause), Plaintiffs can establish that Defendants have interfered with Plaintiffs' religious autonomy and entangled government in religious issues.  With respect to Counts III (42 U.S.C. § 1983, Equal Protection Clause) and V (42 U.S.C. § 2000cc(b)(2) "Nondiscrimination), Plaintiffs can establish that the Defendants have discriminated against them on the basis of religion as Defendants' officials were responsive to residents hostile to the proposed relegation and Plaintiffs' Catholic faith.

Defendants intend to move for summary judgment should any aspect of their pending motion to dismiss be denied. Defendants have a substantial governmental interest in the preservation of historic structures including the structure at issue in this case. The decision to prevent the complete destruction of this historic structure violates neither RLUIPA nor any provision of the U.S. or Indiana Constitution, and was not motivated by religious animus.

[Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient.  Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive

motion.  However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

B.      On or before January 6, 2027, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.      Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

_____ Track 2: Dispositive motions are expected and shall be filed by [no later than 11-12 months from Anchor Date]     ; non-expert witness discovery and discovery relating to liability issues shall be completed by _____[no later than 10 months from Anchor Date]     ; expert witness discovery and discovery relating to damages shall be completed by _____[no later than 15 months from Anchor Date]     . All remaining discovery shall be completed by no later than 16 months from Anchor Date.  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

__X__ Track 3: Dispositive motions shall be filed by  January 30, 2027; non-expert discovery shall be completed by October 30, 2026; expert witness discovery shall be completed by December 15, 2026 .

The parties anticipate filing dispositive motions after the conclusion of expert testimony. The parties have agreed that discovery, including expert witness discovery, will take at least until December 2026. The parties further agree that Track 3 provides sufficient time to prepare and file dispositive motions after the conclusion of discovery.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

V.     **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The**

**parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in November 2026.**

### VI.    Trial Date

The parties request a trial date in June 2027 [month/year]. Plaintiffs have not plead a jury trial. Defendants have not filed an Answer and a Motion to Dismiss is pending. The trial is anticipated to take 7 days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

### VII.    Referral to Magistrate Judge

A.    **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

B.    **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

### VIII.    Required Pre-Trial Preparation

A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying

designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall

9

submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    **Other Matters**

None at this time.


/s/Michael A. Swift
Michael A. Swift # 17779-49)
MAGINOT, MOORE & BECK LLP
150 West Market St., Suite 800
Indianapolis, IN 46204
Tel: (317) 644-8323
maswift@maginot.com


/s/Roman P. Storzer
Roman P. Storzer (admitted *pro hac vice*)
Eric W. Treene (admitted *pro hac vice*)
STORZER & ASSOCIATES, P.C.
1025 Connecticut Ave NW, Suite 1000
Washington, D.C. 20036
Tel: (202) 857-9766
Facsimile: (202) 315-3996
storzer@storzerlaw.com
treene@storzerlaw.com

*Attorneys for Plaintiffs*


/s/Anthony W. Overholt
Anthony W. Overholt #16481-49
Amy Stewart Johnson, #16257-49
FBT Gibbons LLP
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN 46244-0961
Telephone: (317) 237-3800
Facsimile: (317) 237-3900
Email: aoverholt@fbtlaw.com
Email: asjohnson@fbtlaw.com


/s/Thaddeus M. Boggs
Thaddeus M. Boggs (admitted pro hac vice)
FBT Gibbons LLP
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
Telephone: (614) 464-1211
Facsimile: (614) 464-1737
Email: tboggs@fbtgibbons.com



*Attorneys for Defendants*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____
**MATTHEW P. BROOKMAN**
**UNITED STATES DISTRICT JUDGE**

12

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2026, a copy of the foregoing Case Management Plan was filed electronically and notice of this filing will be sent by the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/Michael A. Swift
Michael A. Swift
MAGINOT, MOORE & BECK LLP
150 West Market St., Suite 800
Indianapolis, IN 46204
Tel: (317) 644-8323

*Attorney for Plaintiffs*