UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ST. PHILIP NERI CATHOLIC CHURCH, INDIANAPOLIS, INC., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:25-cv-02616-MPB-TAB |
| INDIANAPOLIS HISTORIC PRESERVATION COMMISSION, et al., | ) | |
| Defendants. | ) | |
| RELIGIOUS FREEDOM INSTITUTE'S ISLAM AND RELIGIOUS FREEDOM ACTION TEAM, HISTORIC LANDMARKS FOUNDATION, INC., | ) | |
| Interested Parties. | ) | |
| Rev. Patrick E Reidy, C.S.C., | ) | |
| Movants. | ) | |

**ORDER ON AUGUST 25, 2026, TELEPHONIC STATUS CONFERENCE**

Plaintiffs St. Philip Neri Catholic Church Indianapolis, Inc. and Roman Catholic Archdiocese of Indianapolis Properties, Inc., and non-party Historic Landmarks Foundation of Indiana, Inc., appeared by counsel on August 25, 2026, for a telephonic status conference to address a discovery dispute arising from Plaintiffs' non-party subpoena and incorporated requests for production issued to Landmarks. The Court heard arguments from both sides and made the following findings.

First, the subpoena, as drafted, is unmistakably overbroad. The non-party subpoena and incorporated requests for production consist of four paragraphs of instructions, 21 definitions,

and 17 document requests. It requests that Landmarks produce documents from a vast span of time—January 2014 to the present day—and lacks reasonable particularity. It also seeks communications not involving, and therefore never relied upon by, any party. Perhaps recognizing the subpoena's overbreadth, Plaintiffs were willing to limit the temporal scope of the subpoena to documents in Landmarks' possession from 2017 to present, and to limit the scope of Request Nos. 14 through 17 to documents relating to the subject property. However, this is still not sufficient.

Plaintiffs argue that Landmarks' evidence is relevant to Plaintiffs' claims under the Equal Protection Clause and the Religious Land Use and Institutionalized Persons Act's non-discrimination provision. The analysis of these claims requires "a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977). The relevant intent is that of the decision maker. *See, e.g., Count US IN v. Morales*, 832 F. Supp. 3d 857, 870 (S.D. Ind. Oct. 14, 2025) ("[U]nder *Arlington Heights*, a constitutional violation does not occur absent a showing that the governing body had a discriminatory intent or purpose, which was a motivating fact in its decision." (Internal citation and quotation marks omitted)). Thus, the intent of Landmarks is not the relevant inquiry; it is the intent of Defendants Indianapolis Historic Preservation Commission and the Metropolitan Development Commission of Marion County. For these reasons, requests for Landmarks' internal communications are improper.

Moreover, the Indianapolis Historic Preservation Commission unanimously voted to deny Plaintiffs' demolition application on October 1, 2025. Thus, Plaintiffs' request that document production cover a period "to the present" goes too far. Any communication or documents

between Landmarks and Defendants after October 2025 are not relevant. For all these reasons, the subpoena Plaintiffs served on Landmarks on June 18, 2026 is quashed.

Nevertheless, Plaintiffs may serve a more narrowly tailored subpoena on Landmarks. Specifically, Plaintiffs are entitled to discover any documents that Landmarks submitted to Defendants from 2017 through October 2025 in relation to the subject property. Plaintiffs can submit a revised subpoena to Landmarks or work cooperatively with them to obtain the documents.

Date: 8/27/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email